IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHLEEN ARBOGAST,

    Plaintiff,

v.                              Case No. 17-4049-JAR

STATE OF KANSAS, by and through the
DEPARTMENT OF LABOR,

    Defendants.

## **ORDER**

Defendants have filed a motion to stay discovery and other Rule 26 activities (ECF No. 11) pending a ruling on defendants' motion to dismiss (ECF No. 8). Plaintiff generally consents to the motion to stay, but contends that a pretrial conference should be scheduled, and a trial setting obtained, "so that these dates are in place in the event the motion to dismiss is denied."[1]

The court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[2] The decision whether to stay discovery rests in the sound discretion of the court. As a practical matter, this calls for a case-by-case determination.

---

[1] ECF No. 12.

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee, Kan.*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

1

The court has reviewed the record, the instant motion, and the pending motion to dismiss. The court agrees that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court rules the motion to dismiss. In the interest of judicial efficiency, the court declines to schedule a pretrial conference and trial setting at this juncture, and will instead promptly set a scheduling conference in the event this case survives defendants' motion to dismiss.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1) Defendants' motion to stay (ECF No. 11) is granted.

2) All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court. The scheduling conference set for October 26, 2017, is cancelled.

3) Should the case survive the pending motion to dismiss, counsel shall confer and submit a Rule 26(f) planning-meeting report to the undersigned's chambers within 5 business days of the ruling on the motion. The court will then promptly set a scheduling conference.

Dated September 27, 2017, at Kansas City, Kansas.

     s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge