IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KATHLEEN ARBOGAST,**

    **Plaintiff,**

    v.

**STATE OF KANSAS, by and through the DEPARTMENT OF LABOR,**

    **Defendants.**

Case No. 17-CV-4049-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff brings this action against the State of Kansas by and through the Department of Labor, alleging claims of discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 794. This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 8), Plaintiff's Motion for Leave to File Surreply Memorandum (Doc. 20), and Defendants' Motion to Strike Surreply (Doc. 23). The motions are fully briefed and the Court is prepared to rule. For the reasons explained below, the Court grants in part and denies in part Plaintiff's motion for leave to file a surreply, denies Defendants' motion to strike as moot, and grants Defendants' motion to dismiss.

### I.  Procedural Background and Factual Allegations

Beginning in April 2001 until August 1, 2011, Plaintiff was employed by Defendant State of Kansas in the Workers Compensation Division of the Kansas Department of Labor ("KDOL"). Plaintiff suffers from asthma, which impairs her breathing. In April 2008, Plaintiff began raising concerns with her supervisors about fragrances in the workplace, which aggravated her asthma. Plaintiff alleges that Defendant KDOL took several measures to alleviate the effects of her asthma in the workplace, but that she continued to have problems.

On May 23, 2011, Plaintiff requested intermittent leave under the Family and Medical Leave Act ("FMLA") due to her asthma. Plaintiff's request was denied. On June 3, 2011, Plaintiff filed a complaint with the United States Department of Labor ("DOL") regarding her denial of leave pursuant to the FMLA. The DOL found that KDOL had violated the FMLA. On July 25, 2011, Plaintiff received a letter from Karin Brownlee, who was then Secretary of KDOL, detailing the chronology of Plaintiff's complaints about the perfume issue and Brownlee's intent to terminate Plaintiff's employment. In response to Brownlee's letter, Plaintiff met with and wrote a letter to Brownlee explaining why she had to continue to complain, outlining her work in the department, and suggesting a possible reassignment as a feasible alternative. A few days later, Plaintiff received a letter from Brownlee explaining that her employment was terminated, effective August 3, 2011, for insubordinate and disruptive behavior.

Plaintiff appealed her termination to the Kansas Civil Service Board (the "Board"). During her appeal hearing, Plaintiff and KDOL were represented by counsel, several witnesses testified, and evidence was submitted. The Board affirmed Plaintiff's termination in a final order issued on March 9, 2012. Plaintiff did not exercise her right to reconsideration of the Board's order under K.S.A. § 77-529(a).

Plaintiff originally filed suit in a separate case, Case No. 13-cv-4007-JAR, against two Defendants: (1) "State of Kansas, Department of Labor," and (2) Karin Brownlee. She alleged claims of discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, claims parallel to those she brings in this case.[1] KDOL moved to dismiss Plaintiff's Complaint on two grounds: (1) it lacked the capacity to be sued under Kansas law, and (2)

---

[1] Plaintiff also brought two claims under the FMLA in her previous case, which she does not allege here.

2

Eleventh Amendment immunity. This Court denied the motion, holding that KDOL waived its Eleventh Amendment immunity when it accepted federal funds, and thus its capacity argument was also ineffectual.[2] On appeal, the Tenth Circuit affirmed the denial of immunity, but declined to address the capacity argument.[3]

On remand, and after the deadline to amend the pleadings expired, KDOL renewed its motion to dismiss on the grounds that it lacked the capacity to be sued. The Court granted the motion, holding that KDOL lacked the capacity to be sued individually under Kansas law.[4] Plaintiff appealed the Court's ruling, and the Tenth Circuit affirmed.[5] Plaintiff then filed this action against Defendants State of Kansas, by and through the Department of Labor, on June 16, 2017.

## II. Motion for Leave to File Surreply

Plaintiff moves for leave to file a surreply memorandum to Defendants' motion to dismiss. Plaintiff argues Defendants made two new arguments in their reply, and thus Plaintiff should be given leave to respond to those arguments. Before proceeding to the substance of these arguments, the Court addresses two apparent procedural defects in Plaintiff's motion.

First, Plaintiff filed her proposed surreply without first obtaining leave from the Court to do so. On November 7, 2017, Plaintiff filed her motion for leave to file surreply, in which she stated that "[t]he surreply memorandum which the plaintiff seeks leave to file is attached to this motion."[6] But rather than attaching the proposed surreply to her motion, Plaintiff filed her

---

[2]*Arbogast v. Kan., Dep't of Labor*, No. 13-CV-4007-JAR/KMH, 2014 WL 1308915, at *6–7 (D. Kan. Mar. 31, 2014).

[3]*Arbogast v. Kan., Dep't of Labor*, 789 F.3d 1174, 1180 (10th Cir. 2015).

[4]*Arbogast v. Kan., Dep't of Labor*, No. 13-4007-JAR, 2016 WL 4719277, at *3 (D. Kan. Sept. 9, 2016).

[5]*Arbogast v. Kan., Dep't of Labor*, 686 F. App'x 556, 557 (10th Cir. 2017).

[6]Doc. 20 at 2.

surreply as a separate document without awaiting the Court's ruling on her motion for leave. While the Court does not find that this procedural defect alone warrants denial of Plaintiff's motion, the Court reminds Plaintiff and her counsel that parties must first obtain leave of the Court before filing surreplies.[7]

Second, Plaintiff filed her motion for leave to file surreply eighteen days after Defendants filed their reply.[8]  D. Kan. Rule 6.1(d) provides that the deadline for any replies is 14 days after the service of a response, but Rule 6.1(d) does not provide a deadline for filing surreplies.  Thus, although Plaintiff exceeded the time allowed for the filing of any replies when she filed her motion, she did not exceed any deadline explicitly stated in Rule 6.1(d).  Accordingly, the Court proceeds to the substance of Plaintiff's motion.

Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion and supporting memorandum, a response, and a reply.[9]  Surreplies typically are not allowed.[10]  Rather, courts "reserve leave for rare circumstances as 'where a movant improperly raises new arguments in a reply.'"[11]  "The rules governing the filing of surreplies 'are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.'"[12]

Plaintiff argues Defendants make the following two new arguments in their reply regarding the applicable statute of limitations: (1) under K.S.A. § 60-513(b), Kansas courts

---

[7]*McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (citations omitted).

[8]*See* Docs. 18 and 20.

[9]*COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014) (citing *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004)).

[10]*Id.*

[11]*McShares, Inc.*, 979 F. Supp. at 1341 (quoting *E.E.O.C. v. Int'l Paper Co.*, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992)).

[12]*COPE*, 71 F. Supp. 3d at 1238 (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

charge parties with constructive notice of public records; and (2) under K.S.A. § 60-518, the "substantially similar" test does not apply where a defendant in the second suit was not named in the original action. The Court considers these arguments in turn.

In their reply to Plaintiff's response to the motion to dismiss, Defendants argue that Kansas courts charge parties with constructive notice of public records, and that "a party charged with constructive notice cannot claim ignorance of public records in order to toll the statute of limitations."[13] Further, Defendants argue that "[w]hether a statute existed giving the Kansas Department of Labor capacity to sue or be sued was a matter of public record, a question of law, not fact, upon which Plaintiff was under constructive notice at all applicable times."[14]

In their original memorandum in support of their motion, Defendants argued that "Plaintiff has known all along that the State had something to do with her employment" and that "[t]he law upon which the dismissal of 13-CV-4007 was based was not new."[15] Thus, Defendants suggested in their original briefing that Plaintiff was on notice all along that the State of Kansas was involved in her termination. But not until their reply did Defendants argue that Plaintiff had constructive notice of the State of Kansas' capacity to be sued, or that this constructive notice barred any tolling under K.S.A. § 60-513(b). Indeed, Defendants did not make any argument as to the effect of § 60-513(b) in their original briefing. Thus, Defendants' argument in their reply as to § 60-513(b) and constructive notice is new.

Plaintiff's argument that this action was tolled under K.S.A. § 60-513(b) is central to her response to Defendants' motion to dismiss.[16] The Court must therefore consider this argument,

---

[13] Doc. 18 at 2 (quoting *Wille v. Davis*, 650 F. App'x 627, 630 (10th Cir. 2016)).

[14] *Id.* at 2–3.

[15] Doc. 9 at 7.

[16] *See* Doc. 17 at 5–8.

and Defendants' arguments regarding § 60-513(b) in their reply, in determining the outcome of Defendants' motion. Because Defendants' arguments as to § 60-513(b) are new, the Court finds that Plaintiff must be given an opportunity to respond. Plaintiff's motion is therefore granted as it relates to Defendants' argument that courts charge parties with constructive notice of public records under K.S.A. § 60-513(b).

Plaintiff also argues Defendants' argument that the "substantially similar" test does not apply under K.S.A. § 60-518 where a defendant in the second suit was not named in the original action is a new argument that Defendants make for the first time in their reply. But in their original memorandum in support of their motion to dismiss, Defendants argued that "K.S.A. [§] 60-518 does not apply because the parties are obviously not the same in this action as in the previous action."[17] Specifically, Defendants cited the following passage from *Taylor v. International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO*[18] in arguing that § 60-518 does not apply:

> The savings statute applies only if the original action and subsequent action are substantially the same. Where the parties and the relief sought in the new action are different from those in the original action, the actions are not substantially the same, and the savings statute does not apply. In addition, where the relief sought is the same in both actions, but the defendants are different, the actions are not substantially the same for purposes of the saving statute.[19]

As this passage demonstrates, Defendants argued in their original brief that actions are not "substantially the same" for purposes of § 60-518 when a new defendant in the second suit was not named in the original action. Accordingly, the Court finds that Plaintiff was on notice of this argument at the time of her response, and therefore the Court denies Plaintiff's motion for leave to file a surreply as it relates to this argument.

---

[17]Doc. 9 at 10.

[18]968 P.2d 685, 689 (Kan. Ct. App. 1998).

[19]Doc. 9 at 11 (quoting *Taylor*, 968 P.2d at 689).

In sum, Plaintiff was not on notice of Defendants' argument that Kansas courts charge parties with constructive notice of public records under K.S.A. § 60-513 when she filed her response. Plaintiff's motion is therefore granted as it relates to this argument. She was, however, on notice of Defendants' argument that actions are not "substantially similar" under § 60-518 where a defendant in a second action was not named as a defendant in the original action. The Court therefore denies Plaintiff's motion as it relates to this argument. Because Plaintiff previously filed her surreply, she need not re-file the document with the Court. The Court has considered Plaintiff's arguments in her surreply related to § 60-518.

### III.    Motion to Strike

Defendants move to strike Plaintiff's surreply, arguing that it is untimely and filed without leave of the Court. The Court has considered these arguments above, and has granted in part and denied in part Plaintiff's motion for leave to file a surreply.[20] Accordingly, the Court denies Defendants' motion to strike as moot.

### IV.    Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because it is untimely and because it otherwise fails to state claims of discrimination or retaliation under the Rehabilitation Act. Plaintiff responds that her Complaint was timely filed and that it states claims for both discrimination and retaliation under the Rehabilitation Act.

#### A.    Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level"

---

[20] *See supra* Part II.

7

and must contain "enough facts to state a claim to relief that is plausible on its face."[21]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[22]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[23]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[24]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[25]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[26]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[27]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[28]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]

---

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[22] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[24] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[25] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[26] *Id.*

[27] *Id.* at 679.

[28] *Id.*

[29] *Id.* at 678.

### B. Discussion

### 1. Application of K.S.A. § 60-513(b)

"For federal causes of action created prior to 1990 for which 'Congress has not established a time limitation for a federal cause of action, the settled practice [is] to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.'"[30] Under K.S.A. § 60-513(a)(4), "an action for injury to the rights of another, not arising on contract, and not herein enumerated," must be brought within two years. In *Levy v. Kansas Department of Social and Rehabilitation Services*, the Tenth Circuit held that Rehabilitation Act claims are subject to the two-year statute of limitations under K.S.A. § 60-513(a)(4).[31] The parties here agree that § 60-513(a)(4) provides the applicable statute of limitations for Plaintiff's Rehabilitation Act claims.[32] Accordingly, the Court finds that Plaintiff's claims are subject to the two-year statute of limitations under § 60-513(a)(4).

"[W]hen a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well because '[i]n virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling.'"[33] K.S.A. § 60-513 incorporates the following tolling provision:

> (b) Except as provided in subsections (c) and (d), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably

---

[30]*Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1171–72 (10th Cir. 2015) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)).

[31]*Id.* at 1174.

[32]*See* Doc. 17 at 5; Doc. 18 at 3.

[33]*Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 616 (2013) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)).

ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.[34]

Defendants argue that the tolling provision under § 60-513(b) does not apply here because Plaintiff was aware of her injury at the time of her termination in August 2011. Defendants contend that this accrual date is consistent with *Levy*, in which the Tenth Circuit found that the plaintiff's Rehabilitation Act claims accrued on the date of employment termination.[35] Plaintiff argues that an injury is not "reasonably ascertainable" under § 60-513(b) until a plaintiff learns that the injury is caused or associated with some act of the defendant.[36] She contends her claim did not accrue until June 2015, when the Tenth Circuit issued its decision in her previous case and held that KDOL's capacity to be sued was an issue separate from KDOL's sovereign immunity. She argues that it was not reasonably ascertainable until that time that her injury was caused by an act of the State of Kansas.

Defendants cite *Wille v. Davis*, an unpublished Tenth Circuit opinion in which the court explained that "the term 'reasonably ascertainable' carries with it an obligation to investigate available factual sources."[37] In *Wille*, the plaintiffs were members of a class of 300 plaintiffs in a previous case that was the subject of a global settlement in 2002.[38] The Tilzers, who were also plaintiffs in the class settlement group, filed a legal malpractice suit against the class attorney in 2003, alleging that the global settlement agreement was "governed by Rule 4-1.8(g) of the Missouri Rules of Professional Conduct, and that [the class attorney] failed to make the

---

[34] K.S.A. § 60-513(b).

[35] *Levy*, 789 F.3d at 1174.

[36] *Benne v. Int'l Bus. Machs. Corp.*, 87 F.3d 419, 427 (10th Cir. 1996) ("Kansas' 'fact of injury' standard postpones the running of the limitations period until the time the plaintiff is able to determine that her injury may be caused by some act of the defendant.").

[37] 650 F. App'x 627, 630 (10th Cir. 2016) (citing *Bi-State Dev. Co. v. Shafer, Kline & Warren, Inc.*, 990 P.2d 159, 162 (Kan. 1999)).

[38] *Id.* at 628–29.

10

disclosures required by that rule."[39] In April 2009, the Kansas Supreme Court ruled the settlement agreement was an aggregate settlement agreement and thus the class attorney was required to make disclosures under Rule 4-1.8(g).[40] The pleadings in the Tilzer case, however, were filed under seal, and the Tilzers' attorney was barred from contacting any of the other plaintiffs involved in the global settlement until December 2009.[41]

After the Tilzers' attorney contacted the plaintiffs in *Wille* about the Tilzer case in 2011, the plaintiffs filed their own legal malpractice claims against the class attorney on September 29, 2011.[42] The defendant moved for summary judgment, arguing that the plaintiffs' claims were time barred.[43] The plaintiffs argued that under § 60-513(b), they could not have discovered their injury until they were contacted by the Tilzers' attorney and learned about the Kansas Supreme Court's decision in that case.[44] The plaintiffs argued that the decision in the Tilzers' case "imparted knowledge of facts that were not previously known."[45] Affirming the district court's grant of summary judgment in favor of the defendant, the Tenth Circuit explained that even assuming the plaintiffs' injuries were not reasonably ascertainable until the *Tilzer* decision, the plaintiffs' claims were time barred because they filed their claim more than two years after the *Tilzer* decision was issued in April 2009.[46] The court held that because "Kansas courts charge parties with constructive notice of public records . . . [a]ny facts disclosed by the *Tilzer* case were

---

[39]*Id.* at 629.
[40]*Id.*
[41]*Id.*
[42]*Id.*
[43]*Id.*
[44]*Id.* at 630.
[45]*Id.*
[46]*Id.*

11

a matter of public record as soon as the decision was issued by the Kansas Supreme Court."[47] Thus, the accrual date for the plaintiffs' injuries was in April 2009, rather than in 2011 when the Tilzers' attorney informed the plaintiffs of the result in that case.

Defendants argue that as in *Wille*, Plaintiff here had constructive notice at all times of "[w]hether a statute existed giving the Kansas Department of Labor capacity to sue or be sued at law."[48] Thus, her claim accrued at the time of her termination in 2011. Plaintiff, however, argues that *Wille* supports her position because the Tenth Circuit's 2015 decision in her previous case "imparted knowledge of facts that were not previously known."[49] Specifically, she contends

> [t]he facts which were not previously known are that the acceptance of federal funds by the Kansas Department of Labor ("KDOL") does not render ineffectual KDOL's arguments regarding its lack of capacity to be sued; or in other words, that the issue of the KDOL's lack of capacity is separate from the issue of the KDOL's waiver of sovereign immunity.[50]

Defendants respond that the *Wille* decision did not find that the plaintiffs' claims accrued at the time of the *Tilzer* decision, but simply "assumed," in dicta, that the *Tilzer* decision provided them with knowledge of new facts. Additionally, Defendants argue that the Tenth Circuit's decision did not impart any knowledge of new facts, but instead simply raised an issue of law regarding KDOL's capacity to be sued. Finally, Defendants contend that they raised the capacity issue as a question separate from KDOL's immunity in its answer and motion to dismiss in Plaintiff's previous case in 2013, before the Tenth Circuit raised the issue in its ruling in 2015.[51]

---

[47]*Id.* (citing *Stephens v. Van Arsdale*, 608 P.2d 972, 981 (Kan. 1980)).

[48]Doc. 18 at 2–3.

[49]Doc. 21 at 3 (quoting *Wille*, 650 F. App'x at 630).

[50]*Id.*

[51]Doc. 22 at 9.

Having reviewed the parties' arguments, the Court finds that Plaintiff's injury was reasonably ascertainable before the Tenth Circuit's decision in June 2015. Plaintiff was aware of the "fact of injury" on August 1, 2011, when she received a letter of dismissal from Karin Brownlee.[52] She argues that she could not determine who caused the injury until the Tenth Circuit issued its ruling raising the capacity to sue issue in June 2015.[53] But the Tenth Circuit's decision simply pointed to a legal issue regarding the KDOL's capacity to be sued. It did not impart knowledge of any facts as to who had a role in terminating Plaintiff's employment. Plaintiff was aware of those facts as of August 1, 2011.

In *Wille*, the court assumed that the *Tilzer* decision imparted knowledge of additional facts to the plaintiffs because the *Tilzer* decision made clear that the settlement agreement was an aggregate settlement and thus the class attorney was required to make disclosures under Rule 4-1.8(g).[54] The court assumed that before the issuance of the *Tilzer* decision, the plaintiffs could not have reasonably known that they had a malpractice claim against the class attorney.[55] Here, by contrast, the Tenth Circuit's decision did not provide knowledge of any facts indicating that the State of Kansas had something to do with Plaintiff's injury. In fact, the Tenth Circuit's decision did not even mention the State of Kansas as a potential party, but instead simply indicated that KDOL's capacity to be sued was an issue separate from its sovereign immunity.[56]

The Tenth Circuit's discussion of the legal capacity of KDOL did not shed any new light on the factual issue of whether Plaintiff's injury "was associated with, or caused by, some act of

---

[52]*See* Doc. 1 at 5.

[53]Doc. 17 at 7.

[54]*See Wille v. Davis*, 650 F. App'x 627, 629 (10th Cir. 2016).

[55]*See id.*

[56]*See Arbogast v. Kan., Dep't of Labor*, 789 F.3d 1174, 1180 (10th Cir. 2015).

the State of Kansas."[57]  Plaintiff's knowledge of the State of Kansas' involvement in her termination was reasonably ascertainable at the time of her termination in 2011.  Indeed, in her previous case, Plaintiff alleged that she began her employment with "Defendant, State of Kansas," in April 2001, and that Karin Brownlee was the Secretary of Labor for the State of Kansas.[58]  Thus, Plaintiff was aware of the State of Kansas' involvement in her alleged injury at the time she filed her Complaint in her original case.

As explained above, Plaintiff was on notice of the State of Kansas' involvement in her alleged injury at the time of her termination in 2011.  While the Tenth Circuit's decision in 2015 raised the legal issue of KDOL's capacity to be sued, it did not provide any new facts as to the State's involvement in Plaintiff's alleged injury.   Accordingly, the Court finds that the tolling provisions under K.S.A. § 60-513(b) do not apply to Plaintiff's claim.

### 2. Application of K.S.A. § 60-518

Plaintiff also argues that her Complaint is timely under K.S.A. § 60-518.  Section 60-518 provides that "[i]f any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure."  Section 60-518 is a saving statute that does not alter the general period of limitations, but rather "is intended to give a party who brought an action in time, which was disposed of otherwise than upon the merits after the statute of limitations had run, a [period] of grace in which to reinstate his case and

---

[57] Doc. 17 at 7.

[58] *Arbogast v. Kan., Dep't of Labor*, Case No. 13-4007-JAR-KMH, Doc. 1 at 2.

14

obtain a determination upon the merits."[59] Section 60-518 applies only where the original case and new case are "substantially similar."[60]

Plaintiff contends this action is timely because it was filed within six months of April 21, 2017, the date the Tenth Circuit affirmed dismissal of her previous case. Defendants argue this case is not "substantially similar" to Plaintiff's original case because the State of Kansas was not a party in the original action. Thus, Defendants argue, § 60-518 does not save this action. Therefore, the question for this Court is whether the two actions are "substantially similar" for purposes of § 60-518.

Defendants point to *Taylor v. International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO*, in which the Kansas Court of Appeals noted that:

> The saving statute applies only if the original action and subsequent action are substantially the same. Where the parties and the relief sought in the new action are different from those in the original action, the actions are not substantially the same, and the saving statute does not apply. In addition, where the relief sought is the same in both actions, but defendants are different, the actions are not substantially the same for purposes of the saving statute.[61]

In *Brown v. Alma, Inc.*, this Court, citing *Taylor*, held that two actions were not "substantially similar" where the second action added a new defendant.[62] Defendants argue that these cases stand for the proposition that adding a new defendant defeats the substantial similarity between two otherwise parallel cases under § 60-518.

Plaintiff cites *Seaboard Corporation v. Marsh Inc.* for the proposition that the substantially similar test does not require an identity of parties, so long as "the two actions concern the same conduct, transaction, or occurrence and the first action provides adequate

---

[59] *Seaboard Corp. v. Marsh Inc.*, 284 P.3d 314, 321 (Kan. 2012).

[60] *Taylor v. Casey*, 66 F. App'x 749, 751 (10th Cir. 2003).

[61] 968 P.2d 685, 689 (Kan. Ct. App. 1998).

[62] No. 06-2548-JAR, 2007 WL 3046706, at *2 (D. Kan. Oct. 16, 2007).

notice to the defendant."[63]  In *Seaboard*, the plaintiff argued that § 60-518 applied because it had opted out of a previous class settlement against the defendants and dismissed its claims less than six months before filing its complaint.[64]  The Kansas Supreme Court held that § 60-518 saved the action because although the claims in the plaintiff's case were not identical to the claims in the prior class action, the claims arose out of the same conduct, transaction, or occurrence and all the defendants named in the second action had been named in the class action.[65]  The court emphasized that it was not concerned that not all defendants in the class action had been named in the plaintiff's action.  Rather, the court explained that:

> The critical point is that both Marsh and AIG were named in the MDL action and had notice of the potential claims against them. To require a plaintiff asserting an individual action to name every defendant named in a class action, many of whom a plaintiff may have no complaint against, amounts to "court-ordered malicious prosecution."  Moreover, such a requirement would contravene the purpose of the application of K.S.A. 60–518 in the class action context. We conclude a plaintiff who files an individual action after a failure of a class action otherwise than on the merits can rely on K.S.A. 60–518 even if the plaintiff does not sue every defendant in the class action.[66]

Plaintiff argues that under the reasoning of *Seaboard*, this case is substantially similar to Plaintiff's original action, even though Defendant State of Kansas was not named in the original action, because the two cases involve the same conduct, transaction, or occurrence, and Plaintiff's original action provided Defendant adequate notice of her claims.  Furthermore, Plaintiff contends the *Seaboard* decision supersedes the holdings of earlier cases, including *Taylor*, that the parties in a new action must be the same as in the original action for two cases to be "substantially similar."

---

[63]284 P.3d 314, 335 (Kan. 2012).

[64]*Id.* at 316.

[65]*Id.* at 335–36.

[66]*Id.* at 336 (citations omitted).

The Court finds that this action is not substantially similar to Plaintiff's original suit against KDOL because the State of Kansas was not a party to that litigation. As in *Brown*, "this action adds a new defendant, [the State of Kansas], in contravention of the rule issued in *Taylor*."[67] Plaintiff argues that the intervening ruling in *Seaboard* requires a different result in this case than in *Brown*. But the Court is not convinced that the holding in *Seaboard* conflicts with the result in *Brown*. In *Seaboard*, the court did not address the circumstances at issue in *Brown* or here, where a defendant is named in a new suit but not named in the original suit. Rather, the court in *Seaboard* addressed the opposite situation, where one of the defendants named in the original suit is left out of the new suit.[68] The court held that under those circumstances the two cases were substantially similar, despite that all parties named in the original action were not named in the new action. But the court was careful not to extend its ruling to the situation at issue here. Indeed, the court noted that "*[t]he critical point is that both Marsh and AIG were named in the MDL action* and had notice of the potential claims against them."[69] Thus, the ruling in *Seaboard* does not dictate the result in this case.

The Court finds that where, as here, a defendant is named in a new suit but not named in the original action, the two suits are not "substantially similar" for purposes of § 60-518 because the newly added defendant does not have adequate notice of the potential claims against it.[70] Therefore, § 60-518 does not apply to save Plaintiff's claims.

---

[67]*Brown*, 2007 WL 3046706, at *2.

[68]*Seaboard*, 284 P.3d at 336.

[69]*Id.* at 336.

[70]*Brown*, 2007 WL 3046706, at *2; *see also Int'l Union of Electronic, Electrical, Salaried, Machine & Furniture Workers, AFL-CIO*, 968 P.2d 685, 689 (Kan. Ct. App. 1998); *Seaboard*, 284 P.3d at 335.

### C. Conclusion

In sum, the Court finds that Plaintiff's claim accrued in 2011 at the time of her termination, when she became aware of the "fact of injury."[71] The tolling provisions under K.S.A. § 60-513(b) do not apply because the Tenth Circuit's 2015 decision in her previous case did not provide Plaintiff with knowledge of facts of which she was not already aware. Plaintiff was aware of the State of Kansas' alleged involvement in her termination, and even argued to the Tenth Circuit that she named the State in her original action.[72] Thus, Plaintiff's argument that she became aware of the State of Kansas' involvement in her injury only after the Tenth Circuit's 2015 ruling is unavailing. Additionally, the Court finds that the Kansas saving statute, K.S.A. § 60-518, does not apply to Plaintiff's claims. The State of Kansas was not named in Plaintiff's original action, and therefore this action is not "substantially similar" to the original action. Accordingly, because Plaintiff's claim accrued in 2011 at the time of her termination, because the tolling provisions under § 60-513(b) do not apply, and because the Kansas saving statute does not apply, the Court finds that this action, commenced on June 16, 2017, is untimely. The Court therefore grants Defendants' motion to dismiss.[73]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Surreply Memorandum (Doc. 20) is **granted in part and denied in part**, as described above.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Motion to Strike Surreply (Doc. 23) is **denied as moot**.

---

[71] *See* K.S.A. § 60-513(b) ("if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party.").

[72] *Arbogast v. Kan., Dep't of Labor*, 686 F. App'x 556, 557 (10th Cir. 2017).

[73] Because the Court finds that Plaintiff's Complaint is untimely, the Court does not address Defendants' alternative argument that the Complaint otherwise fails to state a claim under Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 8) is **granted**.

**IT IS SO ORDERED.**

Dated: December 28, 2017

            S/ Julie A. Robinson
            JULIE A. ROBINSON
            CHIEF UNITED STATES DISTRICT JUDGE